**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

```
EZAELL MOLINA,                    :
                                  :    Civil Action No. 05-4751 (WJM)
                Petitioner,       :
                                  :
                v.                :    OPINION
                                  :
ALFARO ORTIZ, et al.,             :
                                  :
                Respondents.      :
```

**APPEARANCES:**

> EZAELL MOLINA, Petitioner <u>Pro</u> <u>Se</u>
> #276172-151005C
> East Jersey State Prison
> Lock Bag R
> Rahway, New Jersey 07065

> CHRISTOPHER W. HSIEH, ESQ.
> Office of the Passaic County Prosecutor
> 401 Grand Street
> Paterson, New Jersey 07505
> Counsel for Respondents

**MARTINI**, District Judge

This matter is before the Court on Petitioner Ezaell Molina's petition for habeas corpus relief under 28 U.S.C. § 2254.  For reasons discussed below, the petition for habeas corpus relief will be dismissed as time-barred under 28 U.S.C. § 2244(d).

I.   <u>PROCEDURAL BACKGROUND</u>

Petitioner Ezaell Molina ("Molina") was indicted in Passaic County, New Jersey on the following charges: first degree murder, first degree felony murder, first degree armed robbery, second degree conspiracy to commit murder, second degree conspiracy to commit robbery, third degree possession of a knife for an unlawful purpose, and third degree theft.  On June 16, 1995, pursuant to a negotiated plea agreement, Molina pled guilty to first degree aggravated manslaughter and first degree robbery.  The State agreed to dismiss the remaining charges in the indictment.  On August 4, 1995, in accordance with the plea agreement, Molina was sentenced to a 30-year prison term with a 15-year parole disqualifier on the first degree manslaughter count, and a consecutive term of 20 years in prison with a 10-year parole disqualifier on the first degree robbery count.

Molina filed a direct appeal to the New Jersey Appellate Division, and the Appellate Division affirmed the conviction and sentence in an unpublished per curiam opinion decided on June 28, 1996.  (Ra1-Ra3).  Respondents state that the New Jersey Supreme Court denied certification on October 29, 1996.[1]  Molina did not

---

[1]   The State did not provide a copy of the New Jersey Supreme Court's Order denying certification.  This Court notes that the official citation for the New Jersey Supreme Court's disposition of this matter, <u>State v. Molina</u>, 145 N.J. 376, 678 A.2d 716 (1996)(Table), shows that the petition for certification was denied on the same date as the Appellate Division's opinion, June 28, 1996.  According the petitioner the benefit of the later

2

seek a petition for certiorari with the United States Supreme Court.

In August 2000, Molina filed a state post-conviction relief ("PCR") petition, which was denied by the Honorable Randolph M. Subryan, J.S.C., on October 20, 2003.  Molina filed an appeal with the New Jersey Appellate Division.  The Appellate Division affirmed the denial of Molina's state PCR petition on March 24, 2005.  (Ra4-Ra7).  The New Jersey Supreme Court denied certification on June 22, 2005.  State v. Molina, 184 N.J. 211 (2005).

Molina filed this § 2254 habeas petition on or about September 29, 2005.  The State filed an answer to the petition, with the relevant record, on February 22, 2006, raising the affirmative defense that the petition is time-barred under 28 U.S.C. § 2244(d).  Petitioner did not file any traverse, reply, or objections to the State's answer.

II.  STATEMENT OF CLAIMS

Petitioner raises the following claims for habeas relief:

Ground One: Ineffective assistance of trial counsel for not properly investigating for evidence to support petitioner's rehabilitation bu age nineteen.

---

date for purposes of calculating the statute of limitations, this Court will use the date cited by respondents, October 29, 1996, from which to determine the appropriate limitations period.

Ground Two: Ineffective assistance of trial counsel with respect to negotiation of plea agreement.

Ground Three: The aggregate 50-year sentence with a 25-year parole disqualifier was manifestly excessive.

Ground Four: The sentence imposed is illegal as it is based on aggravating factors not found by a jury in violation of Apprendi v. New Jersey, 530 U.S. 466 (2001) and Blakely v. Washington, 542 U.S. 296 (2004).

The State answered the petition alleging that petitioner's grounds for habeas relief are without merit or fail to state a claim of federal constitutional deprivation. Respondents also raise the affirmative defense that the habeas petition is time-barred under 28 U.S.C. § 2244(d)(1). Respondents further assert that petitioner has procedurally defaulted on his claims.

### III.   STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

IV.  <u>STATUTE OF LIMITATIONS ANALYSIS</u>

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law.  <u>See</u> <u>Burns v. Morton</u>, 134 F.3d 109, 111 (3d Cir. 1998); <u>Duarte v. Herschberger</u>, 947 F. Supp. 146, 147 (D.N.J. 1996).  The Third Circuit has ruled that state prisoners whose convictions became final before the April 24, 1996 enactment of AEDPA are permitted one year, until April 23, 1997, in which to file a federal habeas petition under § 2254.  <u>See</u> <u>Burns</u>, 134 F.3d at 111.  <u>See</u> <u>also</u> <u>Lindh v. Murphy</u>, 521 U.S. 320, 326-27 (1997)("[t]he statute reveals Congress' intent to apply the amendments to chapter 153 only to such cases as were filed after the statute's enactment").

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the

pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

As noted above, where a conviction became final prior to April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition.  Burns, 134 F.3d at 111.  However, that limitations period is tolled during the time a properly filed application for state post-conviction relief is pending.  28 U.S.C. § 2244(d)(2).  An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[2] during the period between

---

[2] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or

a lower state court's decision and the filing of a notice of appeal to a higher court, <u>Carey v. Saffold</u>, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, <u>Swartz v. Meyers</u>, 204 F.3d at 420-24. Nevertheless, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." <u>Stokes v. District Attorney of the County of Philadelphia</u>, 247 F.3d 539, 542 (3d Cir.), <u>cert. denied</u>, 534 U.S. 959 (2001).

The limitations period of § 2244(d) is also subject to equitable tolling. <u>Fahy v. Horn</u>, 240 F.3d 239, 244 (3d Cir.), <u>cert. denied</u>, 122 S.Ct. 323 (2001); <u>Jones v. Morton</u>, 195 F.3d 153, 159 (3d Cir. 1999); <u>Miller v. New Jersey State Dept. of Corrections</u>, 145 F.3d 616, 618 (3d Cir. 1998).[3]  However, the

---

on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims <u>contained in the application</u> are meritorious and free of procedural bar. <u>Artuz v. Bennett</u>, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

[3]  Equitable tolling applies:

only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and

one-year limitations period in § 2244(d)(1) can only be equitably tolled when a petitioner has "exercised reasonable diligence in investigating and bringing the claims." <u>Miller</u>, 145 F.3d at 618. Excusable neglect is insufficient; rather, petitioner must in some extraordinary way demonstrate that he was prevented from asserting his rights. <u>Id</u>. There are three enumerated circumstances that would permit equitable tolling in the instant case: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; or (3) the petitioner timely asserted his rights in the wrong forum. <u>Jones</u>, 195 F.3d at 159. The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling. <u>Johnson v. Hendricks</u>, 314 F.3d 159, 163 (3d Cir. 2002), <u>cert</u>. <u>denied</u> 538 U.S. 1022 (2003); <u>Fahy</u>, 240 F.3d at 244.

Among other things, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but

---

bringing [the] claims. Mere excusable neglect is not sufficient.

<u>Miller</u>, 145 F.3d at 618-19 (citations omitted).

unexhausted federal habeas petition.  <u>Jones</u>, 195 F.3d at 159.

<u>See also</u> <u>Duncan v. Walker</u>, 533 U.S. 167, 183 (2001) (Stevens, J.,

joined by Souter, J., concurring in part) ("neither the Court's

narrow holding [that the limitations period is not statutorily

tolled during the pendency of a premature federal habeas

petition], nor anything in the text or legislative history of

AEDPA, precludes a federal court from deeming the limitations

period tolled for such a petition as a matter of equity"); 533

U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.)

(characterizing Justice Stevens's suggestion as "sound").

Here, a judgment of conviction and sentence was first

entered on or about August 4, 1995, before the effective date of

AEDPA.  However, the judgment of conviction did not become final

until January 29, 1997, 90 days after the New Jersey Supreme

Court denied certification on October 29, 1996,[4] which was after

the April 24, 1996 effective date of AEDPA.  Therefore, Molina

had one year from January 29, 1997, or until January 29, 1998 to

bring his federal habeas petition under § 2254.

The Court also finds that there was no statutory tolling of

the limitations period under § 2244(d)(2) before January 29, 1998

because Molina did not file his state PCR application until

───────────────────

  [4]  The Court is required to give petitioner the benefit of
the 90 days to file a petition for certiorari with the United
States Supreme Court, pursuant to <u>Swartz</u>, 204 F.3d at 419;
<u>Morris</u>, 187 F.3d at 337 n.1; U.S. Sup. Ct. R. 13.

sometime in August 2000, more than four years after the one year after the AEDPA limitations period had expired on January 29, 1998.  The state PCR petition remained pending in state court until June 22, 2005, when the New Jersey Supreme Court denied certification from the Appellate Division's March 24, 2005 decision affirming the trial court's denial of post-conviction relief.  Thus, Molina filed his § 2254 petition on or about September 29, 2005, long after the limitations period had expired on January 29, 1998.

Section 2244(d)(1) clearly provides that a § 2254 petition must be filed within one year of the latest of four events, the one relevant here being "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  See Johnson, 314 F.3d at 161.  In Johnson, the Third Circuit, under similar circumstances, affirmed the district court's dismissal of Johnson's § 2254 petition as time-barred.  The court found that the statutory period ran for 222 days until Johnson had filed his petition for post-conviction relief in state court.  At that point, the statutory period was tolled pursuant to 28 U.S.C. § 2244(d)(2), until the New Jersey Supreme Court denied Johnson's petition for certification, and Johnson then had the remaining 143 days in which to timely file his federal habeas petition.  Johnson, 314 F.3d at 161.  The Third Circuit noted that § 2244(d)(2)'s tolling

10

provision excludes the time during which a properly-filed state PCR petition is pending, but it does not reset the date from which the one-year limitations period begins to run.  Id. at 162 (*citing* Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.), cert. denied, 531 U.S. 840 (2000)).  Consequently, because there was no tolling under § 2244(d)(2) since the limitations period had already expired before a PCR petition was filed, the Court finds that this federal habeas petition is time-barred.

Moreover, petitioner offers no valid excuses, extraordinary or otherwise, for equitable tolling.  Indeed, the Court notes that when Molina filed his state PCR motion more than five years after his judgment of conviction became final, the state court denied the petition as procedurally barred.  Thus, in light of the Third Circuit's ruling in Johnson, it would appear that, at best, Molina miscalculated the statutory period by failing to count from the date his sentence became final under § 2244(d)(1)(A), and instead chose to count from one year from the date denial of his state PCR became final.  Miscalculation of the statutory period does not constitute extraordinary circumstances to permit equitable tolling.  Fahey, 240 F.3d at 244.  Moreover, even if petitioner was ignorant of the fact that the limitations period began to run on January 29, 1997 when his sentence became final, ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.  Fisher v.

<u>Johnson</u>, 174 F.3d 710, 714 (5th Cir. 1999), <u>cert</u>. <u>denied</u>, 531 U.S. 1164 (2001).  Courts have been loathe to excuse late filings simply because a <u>pro</u> <u>se</u> prisoner misreads the law.  <u>Delaney v. Matesanz</u>, 264 F.3d 7, 15 (1st Cir. 2001); <u>see</u> <u>also</u> <u>Jones</u>, 195 F.3d at 159-60.  Accordingly, petitioner does not demonstrate any extraordinary circumstances that would permit the equitable tolling of the one-year statute of limitations.

Therefore, because petitioner failed to file a timely petition and demonstrates no extraordinary circumstances that would allow equitable tolling, the Court is precluded from reviewing this petition for habeas corpus relief under § 2254.  Since the § 2254 petition is time-barred under § 2244(d)(1), it will be dismissed.

### IV.   <u>CERTIFICATE OF APPEALABILITY</u>

The Court next must determine whether a certificate of appealability should issue.  <u>See</u> Third Circuit Local Appellate Rule 22.2.  The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable:  (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was

12

correct in its procedural ruling.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  <u>Id</u>.

For the reasons discussed above, this § 2254 habeas petition is clearly time-barred.  The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion.  Consequently, a certificate of appealability will not be issued.

<u>CONCLUSION</u>

For the foregoing reasons, this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is time-barred pursuant to 28 U.S.C. § 2244(d)(1); and the Court will dismiss the petition accordingly.

No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(2).  An appropriate order follows.

s/William J. Martini

_____
WILLIAM J. MARTINI
United States District Judge

DATED: 6/20/06

13